FILED

' OCT 12 AM 9:58

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

OCT 1 2 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>MIDDLE DIVISION</u>

| | |
|---|---|
| ROBERT WILLIAMS, aka Michael Johnson, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 99-C-2477-M |
| IMMIGRATION AND NATURALIZATION SERVICE, | ) |
| Respondent. | ) |

<u>MEMORANDUM OF OPINION</u>

There is no jurisdiction for this court to consider this petition filed pursuant to 28 U.S.C. § 2241. On March 3, 1995 petitioner was ordered deported. Petitioner did not appeal from the deportation order and, therefore, the deportation order was final on April 3, 1995.

Prior to April 24, 1996 § 106(a)(10) of the Immigration and Nationality Act ("INA") "provided that aliens held 'in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings.'" 8 U.S.C. § 1105a(a)(10) (repealed 1996). On April 24, 1996 Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). AEDPA § 401(e) repealed INA § 106(a)(10) and AEDPA § 440(a) provided:

> Any final order of deportation against an alien who is deportable by reason of having committed [certain crimes that carry a deportation consequence under the INA] shall not be subject to review by any court. 8 U.S.C. § 1105a(a)(10).

On April 1, 1997 the Illegal Immigration Reform and Immigration Responsibility Act (IIRIRA) of 1996 became effective April 1, 1997 and contained transitional and permanent rules relating to review of final deportation orders. In *Alanis-Bustamonte v. Reno,* 201 F.3d 1303, 1306-



07 (11th Cir. 2000) the Eleventh Circuit Court of Appeals summarized how Congress has divided deportation cases into three categories:

> (1)    Proceedings that culminated in a final order before October 31, 1996 are governed by AEDPA § 440(a);
> (2)    Proceedings that culminated in a final order after October 31, 1996, but that commenced before April 1, 1997 (the effective date of IIRIRA) are governed by the INA as amended by the special transitional rules of IIRIRA;
> (3)    Proceedings that commenced after April 1, 1997 are governed by the provisions of the INA as permanently amended by the IIRIRA.

Because petitioner's deportation order was final before October 31, 1996, AEDPA § 440(a) applies. Petitioner argues that his 1995 deportation order is impermissibly retroactive because his criminal conduct took place prior to the statutory changes.

In *Boston-Bollers v. INS*, 106 F.3d 352, 354 (11th Cir. 1997) the Eleventh Circuit Court of Appeals held:

> Applying section 440(a)(10) to petitions for review of deportation orders pending on the date of the passage of the AEDPA is not retroactive application affecting substantive rights, but is a prospective application of a jurisdiction-eliminating statute.

By virtue of AEDPA § 440(a), this court is deprived of jurisdiction over this petition. The petition is due to be dismissed. An appropriate judgment will be entered.

DONE this the 11th day of October, 2000.

_____
U. W. CLEMON
CHIEF UNITED STATES DISTRICT JUDGE

2